IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, | No. C 06-4657 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT ATLANTIC'S MOTION TO DISMISS** |
| v. | |
| TRAVELERS INSURANCE COMPANY, et al., | |
| Defendants. | |

On January 12, 2007, the Court heard argument on defendants' motions to dismiss. By order filed January 18, 2007, the Court granted the motion filed by defendant Travelers Insurance Company, and directed further briefing on the motion filed by defendant Atlantic Mutual Insurance Company. The Court has reviewed the parties' supplemental briefing, and for the reasons set forth below, DENIES Atlantic's motion to dismiss.

## DISCUSSION

In the January 18, 2007 order,[1] the Court agreed with plaintiff's general assertion that an insured can bring a claim against an insurer for bad faith failure to settle, and that such a claim could be equitably subrogated. *See generally Hamilton v. Maryland Cas. Co.*, 27 Cal. 4th 718, 731 (2002). However, the Court was concerned about two potential bars to plaintiff's claim, and directed further briefing regarding: (1) whether there was a link between the harm allegedly suffered by the Diocese as a result of Atlantic's failure to fully fund the settlement, and the claim for relief asserted by Continental;

---

[1] The Court incorporates that order by reference.

and (2) the possibility that the Diocese released Atlantic from all claims related to the *Chapin* case.

## I.     Equitable indemnification claim

With regard to the first issue, plaintiff cites *Troost v. DeBoer*, 155 Cal. App. 3d 289 (1984). In *Troost*, an insured was sued in a personal injury action. Upon being sued, the insured discovered a $150,000 gap in coverage between his primary and excess insurance.[2] The insured then sued the primary and excess insurers, and an insurance agent. The primary and excess insurers contributed to a $300,000 settlement of the underlying personal injury action, with the primary insurer paying the limit of its policy ($100,000), and the excess insurer funding $200,000, which covered the $150,000 gap in coverage. As part of the settlement, the insured agreed to dismiss the excess insurer as a defendant and to continue to pursue the action against the agent for the purpose of recouping the $150,000 paid by the excess insurer, agreeing to pay the excess insurer any monies recovered. At the trial level, the court entered a directed verdict in favor of the insured and against the agent.

On appeal, the agent argued that the trial court erred in concluding that the excess insurer was equitably subrogated to the insured's claim against the agent. The agent argued that the insured suffered no loss because the excess insurer, not the insured, paid the $150,000 insurance gap. The Court of Appeal rejected that argument. "The elements of an equitable subrogation [claim], stated in *Patent Scaffolding*, expressly contemplate that 'the insurer, in whole or in part, has compensated the insured for the . . . loss.' Payment by the insurance company does not change the fact [that] a loss has occurred." *Id* at 294 (internal citations omitted). The court stated,

> It is not a prerequisite to equitable subrogation that the subrogor suffered actual loss; it is required only that he would have suffered loss had the subrogee not discharged the liability or paid the loss. Thus it is that [several cases] all permitted recovery by one insurance carrier against another on a theory of equitable subrogation without any showing that the insured had suffered any loss. Thus, we conclude equitable subrogation is not precluded on the basis that Troost suffered no loss.

*Id.* at 295.

Here, Continental alleges that it funded the shortfall in the *Chapin* settlement, and that Atlantic,

---

[2] The primary insurance covered $100,000 per individual, while the excess insurance did not come into play until $250,000 in claims had been exhausted. *Id.* at 292.

2

the primary insurer, did not contribute to the limit of the Atlantic policy. Under *Troost* and *Hamilton*, the Diocese could bring a claim against Atlantic for failure to fund the settlement to the limit of its policy, even though the Diocese did not suffer a loss by having to fund the shortfall.

Atlantic does not address *Troost* in its papers, nor does Atlantic cite any cases which discuss the specific issue identified in the Court's January 18, 2007 order. Instead, Atlantic emphasizes the fact that the total settlement here ($3 million) exceeded Atlantic's policy limit, and thus if the Diocese had any claim against its insurers, a significant portion of that claim would be against plaintiff, not Atlantic. This argument misses the point. Whether the Diocese could bring a claim against Continental is irrelevant to whether the Diocese could also bring a claim against Atlantic. It is undisputed that Atlantic did not fund the *Chapin* settlement to the $1 million policy limit. Instead, Atlantic paid $750,000 toward the settlement. The handwritten settlement agreement states that Atlantic "represents that it is likely to obtain authority for another $250,000 for a total of $1,000,000 [and Continental] will pay $250,000 if Atlantic Mutual fails to pay the last $250,000." Pl's Oppo. Ex. 1. Because the Diocese could bring a claim against Atlantic for failing to fund the settlement to the policy limit, Continental can "stand in the shoes" of the Diocese and bring such a claim against Atlantic.

## II. Release

Atlantic contends that the intent of the reservation language in the handwritten "Settlement Agreement and Reservation of Rights," was only to reserve rights to recover reimbursement from the Diocese for defense and indemnity payments on un-covered claims as provided for in *Buss v. Superior Court*, 16 Cal. 4th 35 (1997) and *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2001). However, that document states that "all parties otherwise reserve all rights to seek recoupment of all payments pursuant to [*Buss* and *Blue Ridge*] *and other legal authority* . . . ." Pl's Oppo. Ex. 1 (emphasis added). "Other legal authority" could include an insurer's right to indemnification from another insurer.

Perhaps in recognition of the fact that the settlement does not expressly release the Diocese's claims against Atlantic, Atlantic's supplemental brief states that Atlantic "will simply reserve its right to assert this issue as it may be that discovery is required to flush-out this factual issue." Supp. Brief at 2. Accordingly, based upon the record before the Court, the Court finds that the Diocese did not release

3

its claims against Atlantic, and thus plaintiff's claim is not barred.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES defendant Atlantic's motion to dismiss. (Docket No. 17).

**IT IS SO ORDERED.**

Dated: February 8, 2007

SUSAN ILLSTON
United States District Judge